United States Courts
Southern District of Texas
FILED

*October 28, 2025*

Nathan Ochsner, Clerk of Court

144

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# McALLEN DIVISION

| | | | |
|---|---|---|---|
| **UNITED STATES OF AMERICA** | § | | |
| | § | | |
| **v.** | § | **Criminal No.** | **M-25-2302** |
| | § | | |
| **RODOLFO CASTILLO** | § | | |
| **BERTHA ALICIA CASTILLO** | § | | |

## INDICTMENT

**THE GRAND JURY CHARGES:**

### Count One
### CONSPIRACY TO COMMIT OFFENSES AGAINST THE UNITED STATES
### (18 U.S.C. 371)
### GENERAL ALLEGATIONS

At various times relevant to this indictment:

### INTRODUCTORY ALLEGATIONS

1. **RODOLFO CASTILLO** is the owner/manager of shipping of Oro Ropa, a used clothing business located in Hidalgo County in the Southern District of Texas.
2. **BERTHA CASTILLO** is the owner/manager of sales of Oro Ropa, a used clothing business located in Hidalgo County in the Southern District of Texas.

### EXPORT AND SHIPPING RECORDS

3. Pursuant to United States law and regulation, exporters or their authorized agents, such as shippers or freight forwarders, are required to file certain forms and declarations concerning the export of goods and technology from the United States. Typically, those documents are filed electronically through the Automated Export System (AES) which is administered by the United States Department of Homeland Security, Customs and Border Protection.

4. The Electronic Export Information (EEI) formerly known as the Shipper's Export Declaration (SED) is the required documentation submitted to the U.S. Government through AES in connection with an export shipment from the United States. Exporters or their authorized agents are required to file accurate and truthful EEI for every export of goods from the United States with a value of $2,500 or more. 15 C.F.R. 30.2

5. The EEI includes the date of export, the United States principal party in interest, the description of the commodity to be exported, the value, the consignee's name and address, and the country of destination.

6. The United States Principal Party in Interest (USPPI) is the person or legal entity that receives the primary benefit, monetary or otherwise, from the export transaction.

Generally, that person or entity is the U.S. seller, manufacturer, or order party, or the foreign entity while in the United States when purchasing or obtaining the goods for export. 15 C.F.R.30.6(a)(1)

7.  In addition, all parties to the export transaction are required to maintain records for each shipment, including an invoice or bill of sale, which identifies the seller in the United States, the buyer in the foreign country, the item being sold, and the price.

8.  Pursuant to Title 13 United States Code, Section 305, it is a crime to knowingly fail to file or knowingly submit false or misleading EEI.

9.  These requirements strengthen the United States' ability to identify and, when necessary, confiscate illegal shipments prior to exportation.

## OVERT ACTS

The Government realleges Paragraph 1 through Paragraph 9,

10.  On or about September 2, 2025, a tractor trailer approached the Pharr Port of Entry attempting to export approximately 79,000 kilograms of used clothing, 375 five quart containers of motor oil and 230 boxes and 302 bags of food.

11.  The driver of the tractor trailer did not have any export documentation as required by United States law and no Electronic Export Documentation had been filed.

12.  The only documentation the driver had was a form that was intended to be presented to Mexican customs.  This form contained no date and a blank commodity description.

13.  The shipment originated at Oro Ropa Usada and was intended by Rodolpho Castillo and Bertha Castillo to be exported from the United States to the United Mexican States.

Beginning on or about August 8, 2025, and continuing until on or about October 2, 2025,

in the Southern District of Texas, and elsewhere, defendants,

### RODOLFO CASTILLO
### and
### BERTHA ALICIA CASTILLO

together with others known and unknown to the Grand Jurors, did knowingly and willfully

combine, conspire and confederate and agree together and with each other to commit offenses

against the United States, and its agencies, to wit:

a.      To fail to submit export information through EEI and AES, in violation of Title 13, United States Code, Section 305;

b.      To fraudulently and knowingly export and send from the United States merchandise, articles, and objects contrary to laws and regulations of the United States, and receive, conceal, buy, sell, and facilitate the transportation, concealment, and sale of such merchandise, articles, and objects, prior to exportation, knowing the same to be intended for exportation contrary to laws and regulations of the United States, in violation of Title 18, United States Code, Section 554.

All in violation of Title 18, United States Code, Section 371.

## Count Two

From on or about August 8, 2025, until on or about October 2, 2025, in the Southern District of Texas and within the jurisdiction of the Court, defendants,

**RODOLFO CASTILLO**
**and**
**BERTHA ALICIA CASTILLO**

did fraudulently and knowingly export and send from the United States, or attempt to export and send from the United States, to the United Mexican States, any merchandise, article, or object, to wit: approximately, 79,000 kilograms of used clothing, 375 five quart containers of motor oil and 230 boxes and 302 bags of food which exceeds $2,500.00 U.S dollars in value, contrary to any law or regulation of the United States, that is, Title 13, United States Code, Section 305 and Title 15, Code of Federal Regulations, Section 30.1.

In violation of Title 18, United States Code, Sections 554(a) and 2.

## Count Three
## MONEY LAUNDERING
### (18 U.S.C. 1956(h))

From on or about August 8, 2025 until on or about October 2, 2025, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendants,

**RODOLFO CASTILLO**
**and**
**BERTHA ALICIA CASTILLO**

did knowingly and intentionally conspire and agree with other persons known and unknown to the Grand Jury, to commit offenses against the United States in violation of Title 18, United States Code, Section 1956(a)(2), to wit: to transport, transmit and transfer and attempt to transport, transmit and transfer monetary instruments and funds from a place in the United States to a place outside the United States with (a) the intent to promote the carrying on of specified unlawful activity, that is the smuggling of goods from the United States, an offense punishable under Title

18, Section 554 of the laws of the United States; and (b) knowing that the monetary instrument or funds involved in the transportation, transmission, or transfer represent proceeds of some form of unlawful activity, namely the smuggling of goods from the United States, an offense punishable under Title 18 Section 554 of the laws of the United States; and knowing that the transportation, transmission, or transfer is designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of said specified unlawful activity.

In violation of Title 18, United States Code, Section 1956(h).

## Count Four

From on or about October of 2022 until on or about October 2, 2025, in the Southern District of Texas and within the jurisdiction of the Court, defendant,

### BERTHA ALICIA CASTILLO

conspired, combined, confederated and agreed with others known and unknown to encourage or induce aliens to come to, enter, or reside in the United States, knowing or in reckless disregard of the fact that such coming to, entrance, or residence was and would be in violation of law, contrary to Title 8, United States Code, Section 1324(a)(l)(A)(iv).

In violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I).

## Count Five

On or about April of 2025, until on or about October 2, 2025, in the Southern District of Texas and within the jurisdiction of the Court, defendant,

### BERTHA ALICIA CASTILLO

did encourage and induce an alien, namely Jorge Nicanor Lopez Rocha, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence in the United States was in violation of law.

In violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv).

## Count Six

From on or about October 2, 2023, until on or about October 2, 2025, in the Southern District of Texas and within the jurisdiction of the Court, defendant,

### BERTHA ALICIA CASTILLO

did encourage and induce an alien, namely Jaime Eugenio Hernandez Cancino, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence in the United States was in violation of law.

In violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv).

## Count Seven

From on or about October 2, 2022, until on or about October 2, 2025, in the Southern District of Texas and within the jurisdiction of the Court, defendant,

### BERTHA ALICIA CASTILLO

did encourage and induce an alien, namely Lea Rebeca Baez, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence in the United States was in violation of law.

In violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv).

## Count Eight

From on or about July 2025 until on or about October 2, 2025, in the Southern District of Texas and within the jurisdiction of the Court, defendant,

### BERTHA ALICIA CASTILLO

engaged in a pattern or practice of hiring for employment or continuing the employment of, in the United States, one or more aliens whose identity is known to the Grand Jurors knowing the alien or aliens was or were unauthorized aliens (as defined by Title 8, United States Code, Section 1324a(h)(3)) with respect to such employment.

In violation of Title 8, United States Code, Sections 1324a(a)(1)(A), 1324a(a)(2) and 1324a(f)(1).

A TRUE BILL

_____

FOREPERSON

NICHOLAS J. GANJEI
UNITED STATES ATTORNEY

_____
ASSISTANT UNITED STATES ATTORNEY